UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G & G CLOSED CIRCUIT EVENTS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ALI BENJAMIN, et al.,<br><br>Defendants. | Case No. 22-cv-04144-SI<br><br>**ORDER RE: PENDING MOTIONS**<br><br>**RE: DKT. NOS. 46, 47, 48** |

Before the Court are defendant Ali Benjamin's motion for leave to file an amended answer and affirmative defenses, Dkt. No. 48, plaintiff's motion to strike defendant Ali Benjamin's answer and counterclaim,[1] Dkt. No. 47, and plaintiff's motion to strike defendant Project Fitness Benjamin's Boxing's affirmative defenses, Dkt. No. 46.

## BACKGROUND

Defendant Ali Benjamin owns a boxing gym operating as Project Fitness Benjamin's Boxing. Dkt. No. 1 ¶ 8–9; Dkt. No. 11 at 2. Defendant Project Fitness Benjamin's Boxing (Project Fitness) is alleged to be "an owner, and/or operator, and/or licensee, and/or permittee, and/or entity in possession, and/or an entity with dominion, control, oversight and management of the" gym. Dkt. No. 1 ¶ 7; *see* Dkt. No. 11 at 2 (denying allegation).

Plaintiff G&G Closed Circuit Events, LLC (G&G) is in the business of distributing closed-circuit or pay-per-view events. Dkt. No. 1 ¶¶15–16. G&G represents that it held exclusive nationwide rights to distribute the telecast of a boxing match between Saul "Canelo" Alvarez and

---

[1] This motion to strike was filed prior to Benjamin's motion for leave to amend and applies to Benjamin's originally filed answer. *See* Dkt. No. 47.

Caleb Plant on November 6, 2021 (the Program). *Id.* ¶ 16. G&G alleges that the Program was unlawfully intercepted and shown in the boxing gym owned and operated by defendants. *Id.* ¶¶ 7–8, 21.

G&G filed a complaint on July 14, 2022. *Id.* The complaint brings four claims: violation of 47 U.S.C. § 605, violation of 47 U.S.C. § 553, conversion, and violation of the California Business and Professions Code. *Id.* On August 12, defendant Benjamin, appearing pro se, filed an answer and brought a counterclaim seeking $1 in damages for emotional distress.[2] Dkt. No. 11 at 5. G&G filed three separate motions on September 2, 2022, which have since been mooted. Dkt. Nos. 14–16, 42 (noting motions were moot). In his response, Benjamin indicated he was having difficulty obtaining counsel. *See* Dkt. No. 18.

On November 16, 2022, the Court appointed pro bono counsel for defendants and stayed proceedings for four weeks. Dkt. No. 29. Project Fitness filed its answer and affirmative defenses on January 5, 2023 through the newly-appointed counsel. Dkt. No. 35.

Per the parties' stipulation, an initial case management conference was held on January 13, 2023. Dkt. No. 42. The Court instructed Benjamin that he would need to file a motion for leave to amend his answer and set a January 30 deadline for amendment of the pleadings. *Id.* G&G's outstanding motions were mooted. *Id.*

On January 26, G&G moved to strike Project Fitness's affirmative defenses as legally insufficient and separately moved to strike Benjamin's affirmative defenses as legally insufficient. Dkt. Nos. 46, 47. The next day, Benjamin moved for leave to file an amended answer and affirmative defenses. Dkt. No. 48. G&G opposes the motion only with respect to Benjamin's amended affirmative defenses. Dkt. No. 52.

## LEGAL STANDARD

---

[2] It was not clear whether Benjamin intended to file only on his own behalf or on behalf of both defendants, but because corporations cannot appear pro se, the Court treats this answer as being filed on Benjamin's behalf only.

United States District Court
Northern District of California

Rule 12(f) provides the "means to excise improper materials from pleading," *Barnes v. AT &T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010), including any "insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). However, courts will generally "grant a motion to strike only when the moving party has proved that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Ewing v. Nova Lending Sols., LLC*, No. 20-CV-1707-DMS-KSC, 2020 WL 7488948, at *2 (S.D. Cal. Dec. 21, 2020); *Arthur v. Constellation Brands, Inc.*, No. 16-CV-04680-RS, 2016 WL 6248905, at *2 (N.D. Cal. Oct. 26, 2016) ("If there is any doubt whether the challenged matter might bear on an issue in the litigation, the motion to strike should be denied, and assessment of the sufficiency of the allegations left for adjudication on the merits.").

Under Federal Rule of Civil Procedure 8(b)(1), a defendant's answer must "(A) state in short and plain terms its defenses to each claim asserted against it; and (B) admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1). Denials must also "fairly respond to the substance of the allegation." Fed. R. Civ. P. 8(b)(2).

"Courts are split," however, as to "whether affirmative defenses are subject to the heightened standard" of plausibility-pleading articulated in *Twombly* and *Iqbal*. *Mc Elmurry v. Ingebritson*, No. 2:16-CV-00419-SAB, 2017 WL 9486190, at *2 (E.D. Wash. Aug. 14, 2017). *Compare Barnes*, 718 F. Supp. 2d 1167, 1172 (applying the heightened standard to affirmative defenses), *with Mc Elmurry*, 2017 WL 9486190, at *2 (observing "numerous other courts within the Ninth Circuit hold that the heightened standard should not apply to affirmative defenses and instead [hold] that a plaintiff be given 'fair notice' of the defense."). Under the predominant approach in the Ninth Circuit, a fairly noticed affirmative defense must describe a defense in "general terms" by identifying the legal theory on which the defense rests, *Kohler v. Flava Enters.*, Inc., 779 F.3d 1016, 1019 (9th Cir. 2015), and "need not assert facts making it plausible." *Mc Elmurry*, 2017 WL 9486190 at *2 (further observing "courts have even held that boilerplate affirmative defenses are appropriate prior to discovery."). The plaintiff in this case "does not ask the Court to apply the *Twombly* pleading standard, and presumes that the fair notice standard applies." Dkt. No. 46 at 10.

Federal Rule of Civil Procedure 15(a) provides that a party may amend its pleading once

1  "as a matter of course" within 21 days if no responsive pleading has been served. Fed. R. Civ.
2  P. 15(a)(1). In other cases, a party may only amend its pleading "with the opposing party's written
3  consent or the court's leave." Fed. R. Civ. P. 15(a)(2). However, the Court is instructed to "freely
4  give leave when justice so requires." *Id.*

5  A court deciding whether to grant leave to amend "should consider several factors including
6  undue delay, the movant's bad faith or dilatory motive, repeated failure to cure deficiencies by
7  amendments previously allowed, undue prejudice to the opposing party, and futility." *Brown v.*
8  *Stored Value Cards, Inc.*, 953 F. 3d 567, 574 (9th Cir. 2020).

## DISCUSSION

### A.  G&G's Motion to Strike Affirmative Defenses

Project Fitness raises four affirmative defenses and "reserves the right to assert additional defenses upon discovery of relevant facts." Dkt. No. 35 at 4. G&G moves to strike all four affirmative defenses as well as the reservation. Dkt. No. 46.

#### 1.  First Affirmative Defense ("Internet Defense")

Project Fitness first raises the "Internet Defense," arguing that because Project Fitness acquired and displayed the Program through the internet instead of a cable or satellite signal, it did not engage in signal piracy. Dkt. No. 35 at 4. G&G moves to strike on the basis that this defense is properly a negative rather than affirmative defense. Dkt. No. 46 at 6. The Court agrees. Project Fitness's argument is that its method of communication does not qualify as a cable or satellite signal and therefore is not covered by either 47 U.S.C. § 553(a)(1) or 47 U.S.C. § 605(a). Dkt. No. 35 at 7. This is, effectively, a denial. Denials are not affirmative defenses. *Minns v. Advanced Clinical Emp. Staffing LLC*, 2014 WL 5826984, at *4 (N.D. Cal. Nov. 10, 2014).

G&G also argues that the "internet defense" fails as a matter of law due to the Ninth Circuit's decision in *G&G Closed Circuit Events, LLC v. Liu*, 45 F. 4th 1113 (9th Cir. 2022). The Court is troubled by this gross mischaracterization of *Liu*, a case argued by the same attorney representing G&G in this case. In *Liu*, the Ninth Circuit explicitly declined to reach the question of "[w]hether

4

§§ 553 and 605 apply when the pirated program is transmitted via internet streaming." *Id.* at 1115. The Ninth Circuit described this as a "blockbuster question of first impression," but explained that it did "not reach this interesting and complicated question" because G&G failed to produce any evidence to demonstrate "how §§ 553 and 605 might encompass the Internet transmission at issue here." *Id.* at 1115, 1117. That the Ninth Circuit did not reach the question of whether §§ 553 and 605 encompass internet streaming is a far cry from counsel's representation that the internet defense fails as a matter of law. The attorneys in this case are reminded of their duty of candor to the court.

The Court strikes this affirmative defense but emphasizes that the defendants are free to argue it as a negative defense.

### 2.     Second Affirmative Defense (License)

Project Fitness raises license as an affirmative defense, arguing that "it purchased the Program twice through Showtime" and therefore possessed the required license to stream the Program. Dkt. No. 35 at 5. G&G argues this should be stricken as it is a negative defense rather than an affirmative defense. Dkt. No. 46 at 7. "Affirmative defenses plead matters extraneous to the plaintiff's prima facie case, which deny plaintiff's right to recover, even if the allegations of the complaint are true." *Federal Deposit Ins. Corp. v. Main Hurdman*, 655 F.Supp. 259, 262 (E.D.Cal.1987) (citing *Gomez v. Toledo*, 446 U.S. 635, 640–41 (1980)). Here, Project Fitness's argument is once again effectively a denial of the allegations of the complaint – namely, that G&G had the exclusive commercial distribution rights to the Program and Project Fitness was not a sublicensee. *See* Compl. ¶¶ 16–22. It is therefore stricken as an affirmative defense. However, Project Fitness remains free to make this argument as a negative defense. *See Hernandez v. Dutch Goose, Inc.*, No. C 13-03537 LB, 2013 WL 5781476, at *7 (N.D. Cal. Oct. 25, 2013) (striking affirmative defenses for being negative defenses but clarifying that defendants could still make such arguments).

### 3.     Third Affirmative Defense (Acquiescence)

5

Project Fitness raises a defense of acquiescence, arguing that plaintiffs knew defendants planned to display the Program and hired a private investigator to document the showing but "did nothing to notify Defendants that they lacked the proper authorization to display the Program." Dkt. No. 35 at 5. G&G argues this defense is inadequately pled because the acquiescence requires "an *affirmative* act by word or deed by the party that conveys implied consent to another." *Seller Agency Council, Inc. v. Kennedy Ctr. for Real Est. Educ., Inc.*, 621 F.3d 981, 988 (9th Cir. 2010) (emphasis in original). Here, the alleged acts were hiring a private investigator to document the display of the program and "failing to notify Defendants of [G&G's] existence and its alleged rights." Dkt. No. 50 at 9–10. But hiring a private investigator could not have implied consent because defendants were presumably unaware of the private investigator, and if defendants *did* know G&G had hired a private investigator, such an act would convey hostility rather than consent. Nor is failing to inform defendants an "affirmative act." Because Project Fitness has failed to allege an affirmative act implying consent, it has failed to adequately plead acquiescence as a defense.

### 4.    Fourth Affirmative Defense (Lack of Standing)

Project Fitness raises lack of standing as its fourth affirmative defense. Specifically, Project Fitness argues that G&G did not have the exclusive right to commercially distribute the Program and therefore lacks standing to bring a claim for signal piracy. Dkt. No. 35 at 5–6. Plaintiff argues that lack of standing is not properly an affirmative defense. Dkt. No. 46 at 7. Other courts have held that lack of standing is not an affirmative defense. *See Hernandez v. Dutch Goose, Inc.*, No. C 13-03537 LB, 2013 WL 5781476, at *7 (N.D. Cal. Oct. 25, 2013) (collecting cases). This Court agrees. Because standing must be affirmatively proven by plaintiffs, lack of standing is a negative defense rather than an affirmative one and the affirmative defense is stricken. However, defendants are not precluded from arguing that G&G lacks standing. *See id.* (striking affirmative defenses for lack of standing but clarifying that defendants could make such arguments).

### 5.    Reservation

G&G also moves to strike Project Fitness's statement that it reserves the right to raise other affirmative defenses. Dkt. No. 46 at 9. The Court sees no reason to strike this statement. The Court will evaluate the appropriateness of additional defenses if and when Project Fitness seeks to add them.

### B.     Benjamin's Motion for Leave to Amend

Defendant Benjamin seeks leave to amend his answer to in order to address each allegation in the Complaint, remove his previously-pled affirmative defenses, and assert four affirmative defenses. Dkt. No. 48 at 7. Plaintiff opposes amendment only with respect to the affirmative defenses.

Rule 15(a)(2) of the Federal Rules of Civil Procedure permits a party to amend its pleading "only with the opposing party's written consent or the court's leave" but requires that courts "should freely give leave when justice so requires." Rule 15's policy favoring amendments "should be applied with extreme liberality." *DCD Programs, Ltd. V. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (internal quotations omitted) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). Leave to amend should not be granted where amendment will "cause the opposing party undue prejudice," and courts may consider "bad faith, undue delay, prejudice to the opposing party, and futility of amendment." *Id.*

Although G&G takes issue with its characterization in Benjamin's filings, G&G "does not suggest the motion [to amend] is made in bad faith." Dkt. No. 6. Nor does the Court find any reason to believe the motion is brought in bad faith.

G&G argues that there has been undue delay because significant time has passed between the filing of defendant's original answer on August 12, 2022 and the motion for leave to amend on January 27, 2023. Dkt. No. 52 at 4–5. However, the case was stayed between November 1, 2022 and December 14, 2022 while counsel was located, appointed, and given time to become familiar with the case. Dkt. Nos. 26, 29. Prior to the stay, defendant Benjamin was appearing pro se, responding to G&G's filings, and attempting to locate counsel for himself and his co-defendant. *See* Dkt. No. 18. The Court does not find any undue delay during that period.

7

1   Nor was there undue delay after the stay was lifted. The case management conference at which filing deadlines were discussed was held nearly a month after the stay was lifted at the request of the parties. Dkt. No. 31. In its pretrial preparation order, the Court set a January 30, 2023 deadline for amendment of the pleadings. Dkt. No. 43. The motion for leave to amend was filed prior to that deadline and only two weeks after the initial case management conference. *See* Dkt. No. 48 (motion), 42 (initial case management conference). Given the circumstances before and after the stay, the Court finds no undue delay.

G&G also argues amendment is futile with respect to the affirmative defenses and reservation of future defenses. Dkt. No. 52 at 10–21. The affirmative defenses and rights reservations G&G challenges here are substantially the same as those raised in Project Fitness's Answer. *Compare* Dkt. No. 48–1 at 23–6 (Benjamin's Proposed Amended Answer) *with* Dkt. No. 35 at 5–6 (Project Fitness's Answer). The Court's futility analysis with respect to these defenses is the same with respect to both defendants. Accordingly, the Court **DENIES** the motion to amend only with respect to affirmative defenses one through four. The Court **GRANTS** the motion to amend with respect to the rest of the answer.

Because the motion to amend is granted except with respect to the affirmative defenses, the Court **DENIES AS MOOT** G&G's motion to strike Benjamin's original answer and counterclaims.

///

///

**CONCLUSION**

G&G's motion to strike Project Fitness's affirmative defenses is **GRANTED** except with respect to the reservation of future defenses. Benjamin's motion to amend his answer is **GRANTED** except with respect to the affirmative defenses, which are stricken. Both defendants' defenses are stricken without leave to amend but without prejudice to factual or legal argument concerning whether plaintiff ultimately meets its burden of proof on all factual elements of the claims. G&G's motion to strike Benjamin's original answer and counterclaims is **DENIED AS MOOT.**

**IT IS SO ORDERED**.

Dated: April 12, 2023

_____
SUSAN ILLSTON
United States District Judge